THOMPSON v. THOMPSON.

1. Where goods have been seized and sold under a wrongful judgment and execution, which are afterwards set aside on an appeal, the party aggrieved, in an action for damages, may recover to the full value of his goods, though more than they actually produced at the sale.

2. While an appeal is pending, every proceeding under the original judgment is absolutely void.

*Certiorari* to Justice Wade.

It appeared that John Thompson had sued Aaron Thompson, before a justice of the peace, and obtained judgment against him. Aaron requested an appeal, which was refused by the justice, and execution issued. Aaron prepared a

Thompson v. Thompson.

bond, as prescribed in cases of appeal, tendered it, and had an appeal allowed. Pending the appeal in the court above, the constable, under the execution, levied upon the goods of Aaron, and sold them. The Sessions reversed the judgment, and Aaron then commenced the present action against John, for "debt and damage" for the wrongful sale under the first judgment. The suit was instituted before Justice Wade, who gave judgment for the plaintiff, and estimated his damages at the real value of the goods, being a larger sum than they actually produced at the sale under the execution.

[160] KINSEY, C. J., in delivering his opinion, observed that *Bac. Abr., title "Execution," letter* 2, *vol.* 2, 740, had been cited to prove, that on a reversal of a judgment, a term sold under it shall not be restored to the defendant, but he shall receive only the money for which it was sold. I do not mean to question the soundness of this doctrine, but merely to deny its application to the present case. It is highly reasonable that an officer who acts in pursuance of the direction of a court of competent authority, and sells property under an execution, and the purchaser at such a sale, should be protected, and not made to suffer from the wrongful behavior of others. This was the design and tendency of the law, which has been cited, but we cannot say, from that decision, that the defendant, who has thus been injured and despoiled of his property, under the color of legal process, may not have an action against the party, and recover from him the real damages which he has sustained. Lord Mansfield, in the case of *Cooper* v. *Chitty,* 1 *Burr.* 20, 34, makes a distinction between parties and third persons. In *Westerne* v. *Creswick,* 4 *Mod.* 161, and 2 *Lilly's Abr., tit. "Officer,"* the same distinction is made. The case in Bacon amounts to no more than that, on the reversal of a judgment, the defendant shall have restoration of the sum for which his property was sold, but it does not conclude against the parties' right of action against the person who has occasioned the injury, and to

Thompson v. Thompson.

recover the whole amount of the damage which he has sustained, by an erroneous judgment and execution.

The words used in the judgment of reversal are, that the defendant "shall be restored to all he has lost by occasion of the judgment;" and this is, and ought to be the measure of damage. It has been said that the case of *Westerne* v. *Creswick* was a case of irregularity, in which the judgment having been set aside, the plaintiff was not protected, but would be considered as a *tort-feazor*, whereas, on a reversal for error, it being the act of the court, he is not to pay beyond his receipt. It would appear, from *Viner, title " Error,"* and 5 *Com. Dig., title " Pleader,"* 725, 3 *B,* 20, that this case was in error, or if not, that the consequence as to the defendant's right to re-[161]-cover damages proportionate to the injury received, is the same in either case.

But, again, should I be wrong in this view of the case, I apprehend the plaintiff in *certiorari* cannot defend himself under this plea of reversal for error. His judgment at the time was not reversed for error, but suspended by appeal upon the facts, and every act done under it, pending the appeal, was absolutely void, because no judgment exists as on a removal by writ of error, but the judgment is, that which the court of appeal pronounces *de novo.* *Allen* v. *Dundas,* 3 *T. R.* 125, 129; *Packman's case,* 6 *Co.* 19; *Phillips* v. *Biron,* 1 *Str.* 509; *Comyns' Rep.* 150. (a) The court of appeal, by giving judgment for the appellant, do away the first judgment; it is as if it had never been, because the court above render judgment upon facts, and decide that the plaintiff below had no merits in his case. I think the judgment should be affirmed.

SMITH, J., concurred.

CHETWOOD, J., dissented.

(a) The authority of this case in *Comyns* has been questioned in *Allen* v. *Dundas,* 3 *T. R.* 125.